IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ABRAHAM AND SONIA GARCIA,<br><br>        Plaintiffs,<br><br><br><br><br><br>                vs.<br><br><br><br>GOLDEN EAGLE EXPLORATION, a Delaware Corporation; DECCA CONSULTING, LLC, a Texas corporation, and EDWARD G. SCOTT, individually,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE THE EXPERT REPORTS OF DON STINSON<br><br><br><br><br><br>Case No. 2:07-CV-964 TS |

Defendants move to strike three expert reports filed by Plaintiffs' expert Don Stinson. Defendants argue that the reports fail to comply with Fed. R. Civ. P. 26(a)(2)(B) as lacking in completeness. Defendants also argue that the expert opinions in the reports are not reliable and would not be helpful to the jury within the meaning of Fed. R. Evid. 702 because they ignore critical facts, fail to comprehend the drilling situation, and focus on the wrong issue. Plaintiffs contend that the reports do meet the requirements of Rule 26 and, if not, that striking a report is too drastic a remedy when Fed. R. Civ. P. 37(c)(1)'s limit of

an expert's testimony to the content of his report already provides a remedy for the failure to include any information in the report. Plaintiff further contends that the expert's opinions are reliable because they were initially based on available information and then, as new information became available, Plaintiffs' expert summarized the new information and the conclusions he drew from the new information.

The Court finds that the expert reports comply with Rule 26(a)(2)(B). The three reports contain the statement of the opinions the witness will express and the basis and reasons for them, the data or other information considered in forming those opinions, the witness' qualifications, and other required information under the rule. The reports state that they may be supplemented with new opinions if additional information becomes available. This is not a case where specific testing was conducted by the expert. Rather, it appears that this expert's testimony is based on his extensive experience in the field[1] and industry standards. The Court finds that the reports are sufficient to allow Defendants to adequately prepare for cross-examination.

Defendants also challenge Dr. Stinson's statements regarding credibility of a fact witness. The Court agrees that such opinions on credibility of a fact witness may not be admissible at trial. However, inclusion of one such inadmissible opinion is not a grounds to strike an entire report. Instead, a motion in limine is the more appropriate vehicle for a pre-trial challenge to the admissibility of such a statement of credibility. However, Dr.

---

[1]Defendants do not challenge Dr. Stinson's status as an expert based qualifications or experience. *See* Docket No. 75-1 (expert's resume).

Stinson's characterization of other testimony as "confusing" is not an issue of credibility of another witness, but is a statement as to the reasons for his analysis of the facts.

Defendants also challenge the reliability of the report because it was based on incomplete information, fails to understand the facts, and ignores critical information; therefore, is not sufficiently enough "tied to the facts that it will aid the jury in resolving a factual dispute."[2] Fed. R. Civ. P. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of the reliable principles and methods and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rather than failing to understand the facts, ignoring critical information, and failing to sufficiently tie his opinion to the facts as argued by Defendants, it appears that the expert has a different understanding of the disputed facts. For example, the testimony of Mr. Martin, which Defendants argue is critical, can be read as supporting each side.[3] Defendants are free to cross examine the expert on a hypothetical based on their version of the disputed facts. Ultimately, it will be the jury's job to find the facts and determine the credibility and weight to be given to expert testimony.

---

[2]Def.s' Mem. at 11 (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993)(further quotations omitted)).

[3]Def.s Ex. 5 (Martin Dep. at 76) (testifying: "We've done this this way before, but the safe way would have been putting the chicsan and stuff on it;" but also testifying that running the hose into the casing can be done in a safe way).

Defendants contend that the witness "came to a firm conclusion first" and then did the research to support it, the "antithesis of science."[4]   This is not a case where the expert's testimony is based on scientific testing.

Dr. Stinson's initial report was based on a report with 12 pages of photographs, a recorded statement of a witness, and official records from the State of Utah Department of Natural Resources Division of Oil, Gas, and Mining. The initial report states that as additional information becomes available the expert's opinions may change and additional opinions be developed.   The second report was based on Dr. Stinson's additional review of three recent depositions and new files from the State of Utah.   The third report was based on his review of two additional depositions, plus new files from the state of Utah, and from Defendant DECCA.   It is not clear from the record why Defendant Scott's deposition was not taken until May 13, 2010,  but the expert cannot be faulted for not considering factual information that was not provided until a few months before his third report.   If Defendants wish to challenge the veracity and value of Dr. Stinson's reports based on this unfolding of evidence available to him, they may do so through vigorous cross-examination.[5]   The Court finds that the reports meet the requirements of Fed. R. Evid. 702 and *Daubert*.

Based on the foregoing, it is

---

[4]Def.s' Reply at 3 (quoting *Brewer v. Denver & Rio Grande W. R.R.*, 31 P.3d 557 (Utah 2001)).

[5]*See Daubert*, 509 U.S. at 596 (noting that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the . . . appropriate means of attacking shaky but admissible evidence").

ORDERED that Defendants' Motion to Strike the Expert Report of Don Stinson (Docket No. 70) is DENIED.

DATED   January 5, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge